# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUIS OCHOA, FRANCISCO MARTINEZ AND JANUARIO SALGADO, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11 C 2229 |
| | ) ) | Judge Hibbler |
| FRESH FARMS INTERNATIONAL MARKET, INC., DEAN SVIGOS, individually, and MIKE SVIGOS, individually, | ) ) ) ) | |
| Defendants. | ) ) | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement is made by and between Plaintiffs Luis Ochoa, Francisco Martinez and Januario Salgado ("Plaintiffs") on behalf of themselves and all other similarly situated persons and Fresh Farms, Dean Svigos and Mike Svigos ("Fresh Farms"), as to the Complaint relating to Fresh Farm's alleged failure to pay Plaintiffs and the Class they represent overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

1. **DEFINITIONS**

1.1     The term "Agency" means Working Hands Legal Clinic ("WHLC"), which has an Internal Revenue Service designation as a Section 501(c)(3) organization, or any alternative charitable organization having an Internal Revenue Service Section 501(c)(3) designation, which has been selected by Plaintiffs and approved by Fresh Farms.

1.2     The terms "Agreement" or "Settlement Agreement" mean this Stipulation of Settlement.

1.3     The term "Claims Administrator" means Class Counsel, which will be responsible for class notice and related matters, as set forth herein.

1.4     The term "Claim Form" means the document by which Class Members can make a claim for settlement proceeds or can opt-out of the Settlement, in the form attached as Exhibit A.

1.5     The term "Class Member" means a person who meets the class definitions in Section 6, and who has not filed a written request to 'opt out' of the Litigation.

1.6     The term "Class Settlement Fund" means the fund from which the payments to all Payees for resolution of their claims of against Fresh Farms as further discussed in Section 9. The Class Settlement Fund shall be One Hundred and Fifty Thousand and 00/100 ($150,000.00) Dollars, which is equal to the Settlement Amount of Two Hundred and Seventy-Five Thousand and 00/100 ($275,000.00), less attorneys' fees and costs as provided in Section 12 and less payments to the named Plaintiffs as specified in Section 11.

1.7     The term "Court" means the United States District Court for the Northern District of Illinois.

1.8     The term "Fresh Farms" or "Defendants" means Fresh Farms International Market Inc., Dean Svigos, Mike Svigos, Wheeling Grand, LLC and its parents, divisions, subsidiaries, partnerships, affiliates, entities under common or joint control of any one or more of the foregoing and benefit plans and all of their past, present, and future trustees, fiduciaries, owners, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys.

1.9     The term "Fresh Farms' Counsel" means all counsel who appeared as attorneys of record on behalf of Fresh Farms in the Litigation, or who subsequently so appear.

1.10    The term "Effective Date" means the date on which the time for appeal has passed following final Court approval, or, in the event of an appeal, the date on which the appeal is finally resolved.

1.11    The term "Filing Deadline" means the final day on which a Class Member may make a claim or file a written request to opt-out from this Litigation, and shall be sixty (60) days after the date of the Mailing of Class Action Notice.

1.12    The term "Final Order" means the Court's action granting final approval of this Agreement, or in the event of an appeal of such order, the appellate order upholding the Court's order.

1.13    The term "Litigation" means this class action lawsuit filed in the United States District Court for the Northern District of Illinois, entitled *Luis Ochoa, Francisco Martinez and Januario Salgado, on behalf of themselves and other similarly situated persons v. Fresh Farms International market Inc., Dean Svigos and Mike Svigos,* Case No. 11 C 2229.

1.14    The term "Mailing of Class Action Notice" means the mailing of Class Action Notice and Claim Form to Class Members by the Claims Administrator.

1.15    The term "Named Plaintiffs" means Luis Ochoa, Francisco Martinez and Januario Salgado.

1.16    The terms "Notice of Class Action" or "Class Action Notice" mean a notice of this Litigation and Settlement to Class Members in the form attached as Exhibits B, abridged, and C, unabridged.

1.17    The term "Parties" means the Named Plaintiffs (including on behalf of themselves and the Class Members) and Fresh Farms.

1.18    The term "Payees" means all Class Members who filed successful claims for settlement proceeds.

1.19    The term "Plaintiffs' Counsel" and "Class Counsel" means Workers' Law Office, PC.

1.20    The term "Preliminary Approval" means the Court's Order granting preliminary approval of this Agreement, a draft of which is attached as Exhibit D.

1.21    The term "Released Parties" means Fresh Farms as defined in Section 1.8 above.

1.22    The term "Remainder Fund" or "Remainder Amount" means the unclaimed portion of the Class Settlement Fund that remains after payments have been made to class members who successfully make file a claim on the Class Settlement Fund, including any portion of the Class Settlement Fund attributable class members who fail to timely make a claim on the Class Settlement Fund or who successfully opt out of the Litigation.

1.23    The term "Settlement Amount" means the sum of Two Hundred and Seventy Five Thousand and 00/100 Dollars ($275,000.00) from which the payments to Members of the Class, Named Plaintiffs and attorneys' fees and costs shall be made. The costs of taxes to be paid by Fresh Farms as provided in Section 14 below, shall be in addition to the Settlement Amount.

1.24    The term "Settlement" means the Parties' compromise of this Litigation as set forth in this Agreement.

## 2.    BACKGROUND

2.1    On April 1, 2011, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois. The case is currently titled *Luis Ochoa, Francisco Martinez and Januario Salgado, on behalf of themselves and other similarly situated persons v. Fresh Farms International market Inc., Dean Svigos, individually, and Mike Svigos,* individually, Case 11 C 2229.

2.2     Count I of the Complaint alleges a violation of the Fair Labor Standards Act ("FLSA") on an individual basis based on allegations of Fresh farms' violation of the FLSA statutory overtime provision. Count II alleges a class-wide violation of the Illinois Minimum Wage Law ("IMWL") overtime provision based on allegations of Fresh farms' violation of the IMWL statutory overtime provision.

2.3     The Parties now jointly seek to certify a class of persons, for settlement purposes only, that falls within Plaintiffs' FLSA and IMWL claims.

**3.     SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT**

3.1     This Agreement is intended to, and does effectuate, the full, final, and complete resolution of the Litigation as to Fresh Farms. In exchange for the consideration offered herein, the Named Plaintiffs will provide Fresh Farms with a full and complete release, as defined in Section 7 of this Agreement.

3.2     This Agreement identifies the procedures for notice to class members and calculation of subsequent claims for owed minimum, overtime and other owed wages by class members resulting from Fresh Farms' alleged practice of compensating Plaintiffs and the class at their regular rate of pay for all hours worked, including hours worked in excess of forty (40) hours in individual work weeks. This claims procedure will be subject to the Class Settlement Fund cap of $ 150,000.00. This procedure will resolve Plaintiffs' and Class Members' overtime wage claims alleged under Counts I and II in the Complaint.

3.3     The Parties agree that based on the claims made and the remedies available in this litigation, one-half of each settlement payment to Payees shall constitute back wage payments subject to all required employer paid payroll taxes and deductions and the remaining one-half of each settlement payment constitutes payment for liquidated damages, penalties, prejudgment interest and/or consideration for each Named Plaintiff of Class Member's release of claims.

3.4     Named Plaintiffs and Fresh Farms do not abandon the respective positions they have taken throughout the course of the Litigation. Nonetheless, they recognize that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of this recognition, Named Plaintiffs and Fresh Farms believe that this Settlement is the best way to resolve the Litigation as between them.

## 4.     JURISDICTION

The Court has jurisdiction over the Parties, Class Members and the subject matter of the Litigation. The Parties shall seek the Court's consent to retain jurisdiction of the Litigation for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

## 5.     FRESH FARMS' STATEMENT OF NO ADMISSION OF LIABILITY; NO EVIDENTIARY EFFECT

5.1     This Agreement, including all exhibits and related documents presented in the course of litigation and/or settlement negotiations, do not constitute, and are not intended to constitute, and will not be deemed to constitute, an admission by Fresh Farms or any of the other Released Parties as to the merits of the allegations or claims made in the Litigation.

5.2     Nothing in this Agreement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the Litigation or the negotiations leading to the Agreement, is intended to be introduced, be used or be admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the Court that has as its purpose the interpretation,

implementation, or enforcement of the Agreement or any orders or judgments of the Court entered in connection therewith.

     5.3    In the event that this Agreement is not approved by the Court or by an appellate court, Fresh Farms will not be deemed to have waived, limited, or affected in any way any objections or defenses in the Litigation.

## 6.    DEFINITION OF SETTLEMENT CLASS

     6.1    In order to implement the terms of this Agreement, Named Plaintiffs and Fresh Farms agree to seek certification by the Court of the following settlement class, pursuant to Fed. R. Civ. P. 23:

> All persons employed by Fresh Farms from April 1, 2008 through April 1, 2011 in an hourly position but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

     6.2    The procedure by which settlement payments will be calculated for Class Members who make a claim are set forth in Section 9 below.

## 7.    WAIVER, RELEASE AND DISMISSAL

     7.1    General Release of Claims by the Named Plaintiffs

In addition to the foregoing, the Named Plaintiffs, on behalf of themselves and their heirs, legatees, personal representatives and assigns, hereby release and discharge Fresh Farms from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which the Named Plaintiffs have, have had or may have arising from their employment with Fresh Farms, from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting discriminatory termination, harassment or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.,* the

IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. The Named Plaintiffs will be required to execute a General Release, in the form attached hereto as Exhibit E, as condition to receiving any payments to which they are entitled under Section 11 below.

      7.2    Binding Effect of Waiver and Release of Claims

Upon the Court's issuance of the Final Order, the general release of claims shall be binding on the Named Plaintiffs and shall be binding on their heirs, legatees, personal representatives and assigns, or anyone claiming through them. Further, this waiver and release of claims shall inure to the benefit of Fresh Farms.

      7.3    Settlement of claims for all overtime wages for the period they were employed by Fresh Farms.

Upon the Court's issuance of the Final Order, this Agreement shall act as a full and final settlement of all claims arising under Counts I and II the Complaint for all Class Members who do not opt out of the Litigation as against Fresh Farms.

## 8.    CONDITIONS OF SETTLEMENT

      8.1    This Stipulation of Settlement is expressly contingent on the following conditions precedent:

8.1.1    The Court preliminarily approves this Stipulation of Settlement and the Notice and Claim Form;

8.1.2    The Court certifies the Class as defined in Section 6;

8.1.3    The Court conducts a Fairness Hearing; and

8.1.4    The Court issues a Final Order approving this Stipulation of Settlement and dismissing the Litigation as provided in Section 10, but retaining jurisdiction for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein and all appeals are resolved and agreement finally approved.

8.2    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of implementing and achieving the conditions set forth above, including without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or institution of other action or proceedings seeking review of the Final Order or seeking the assertion of any cause of action contemplated or released by this Stipulation of Settlement. The Parties further agree that the case shall be stayed in all respects during the process of satisfying the conditions precedent as provided herein, until the entry of a Final Order is no longer a possibility as determined by this Court or a court of appeal.

8.3    The Parties' counsel shall jointly move for Preliminary Approval of this Settlement.

8.5    In the event that the Court does not enter a Final Order for any reason that cannot be cured by the Parties, or, in the event of an appeal, the Final order is not upheld, all matters

covered by this Agreement shall be null and void and Fresh Farms shall be under no obligation to pay any payment under this Agreement and nothing in this Stipulation of Settlement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Further, should a Final Order not be entered and/or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Stipulation of Settlement never existed.

**9.      NOTICE, FILING OF CLAIMS AND OPPORTUNITY TO OPT-OUT**

9.1    Class Action Notice to the Class Members

A Class Action Notice of this Litigation and Agreement shall be mailed to the Class Members, along with a Claim Form. The Class Action Notice shall include a description of the procedures to bring a claim and the procedure for determining the amount of the settlement claim owed to the Class Member, if any. The Class Action Notice will also include a description of the terms of the settlement of the Employment Notice claim.

9.1.1    Mailed or Distributed Class Action Notice.

No later than seven (7) days after the Court's Preliminary Approval, Fresh Farms shall tender to the Claims Administrator the most current address information Fresh Farms has in its records for each Class Member. The claims Administrator shall not use the names and addresses provided by Fresh Farms for any purpose other than the mailing of the Class Action Notice.

9.1.1.1. Mailing of Class Action Notice: No later than seven (7) days thereafter, the Claims Administrator shall mail a Class Action Notice and Claim Form to each Class Member via first-class U.S. mail. Within fourteen (14) days of mailing, the Claims Administrator shall provide the Parties' Counsel with a list of

the names and contact information for all persons to whom Class Action Notice was sent, and the date or dates on which Class Action Notices were sent. The Claims Administrator shall notify the Parties' Counsel of any Class Member whose Notice of Class Action is returned as undelivered. Class Counsel shall bear the cost of printing and the cost of mailing the Class Action Notice and Fresh Farms shall bear the cost of its own labor or expenses incidental to producing the class list.

9.1.1.2 Second Mailing: The Claims Administrator shall promptly conduct a Second Mailing for any Class Member whose Class Action Notice and Claim Form is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service within fourteen (14) days of the date of the First Mailing of Class Action Notice. If after this Second Mailing the Class Action Notice and Claim Form are again returned as undelivered, or if no different current address can be reasonably determined, the noticed mailing process shall end for that Class Member, who will be deemed not to have opted out of the Settlement and shall be bound by this Agreement. The Second Mailing shall be completed no later than twenty-one (21) days after the First Mailing. No later than fourteen (14) days after the completion of the Second Mailing, the Claims Administrator shall provide the Parties' Counsel with a list of the names and contact information of all Class Members to whom Class Action Notice and Claim Form was sent as part of the Second Mailing, and the date or dates of that mailing. Class Counsel shall bear the cost of the Second Mailing.

9.2    Monetary Relief

9.2.1    Claims for Overtime Wages: All Class Members must file a claim for overtime wages by submitting a Claim Form to the Claims Administrator no later than the Filing Deadline to be eligible to receive a pro rata share of the Class Settlement Fund.

9.2.2    Calculation of Overtime Damages: As the allegations in this Lawsuit involve alleged "off-the-clock" work, few records exist that would allow the Parties to calculate unpaid overtime wages with specificity. Therefore the Parties have negotiated an amount of overtime wages for each week work based on the average overtime wages allegedly owed to the Named Plaintiffs. Therefore, all Class Members shall be deemed to be owed $32.05 for each work week in which they worked at least 40 hours or more during the Class Period.

9.2.3    Calculation of Settlement Payments: Any Class Member who properly files a Claim shall be entitled to receive the full amount of the calculation of their claim, as calculated pursuant to the procedures specified in Section 9.2.1 and Section 9.2.2, above, ("Full Individual Payee Damages") so long as the aggregate amount for all Payees does not exceed the amount of the Class Settlement Fund. In the event the aggregate amount of Full Payee Damages exceeds the amount of the Class Settlement Fund, each payee shall be entitled to a *pro rata* share of the Class Settlement Fund as calculated by the following formula:

***(Full Individual Payee Damages ÷ Total of all Individual Payee Damages) * Class Settlement Fund***

9.2.4   Notwithstanding any other provision of this Agreement, the formula applied in this paragraph is utilized solely for purposes of determining each member's share of the available settlement proceeds.

9.3     Opportunity to Opt Out and Opt-Out Period

A Class Member electing to be excluded from this Settlement and the Litigation must file with the Court a written request no later than the Filing Deadline, and the written request shall be served on the Parties' Counsel. The Filing Deadline applies notwithstanding any assertion of non-receipt of the Notice of Class Action by any Class Member.

This Agreement and Final Order shall not apply to persons who opt out of the Litigation. Any such person shall be excluded from the Settlement, and shall not be entitled to any monetary damages pursuant to this Agreement. The Preliminary Approval Order shall provide that no putative Class Member shall purport to exercise any exclusion rights of any other person, or purport to opt out other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

9.4     Class Counsel's Communication With The Class Members

Class Counsel shall respond to any communications or inquiries by any Class Members. To the extent such communications or inquiries regard the meaning of the terms of the Settlement and that Class Counsel believe in good faith to concern an ambiguity in the Agreement that could result in confusion among Class Members, Fresh Farms' Counsel shall be given prompt notice by Class Counsel of such communications or inquiries and the response(s) thereto, provided however that nothing within this Section 9 shall constitute a waiver of the

attorney-client privilege with respect to privileged communications between Class Counsel and any Class Member.

## 10.     COURT PROCEEDINGS

This Agreement establishes procedures to secure final Court approval of the Settlement. These procedures are governed exclusively by the terms and conditions set forth in this Agreement.

10.1   This Agreement shall be filed with the Court for purposes of obtaining the Court's Preliminary Approval. The Parties shall execute this Agreement within fourteen (14) days of the Court granting Preliminary Approval of this Agreement.

10.2   Fairness Hearing

On a date to be scheduled by the Court, the Court shall conduct a Fairness Hearing for purposes of reviewing the Settlement, evaluating objections by Class Members, if any, and deciding whether to issue a Final Order granting final approval of this Agreement, dismissing Counts I and Count II the Complaint as to the Named Plaintiffs with prejudice and Counts I and Count II of the Complaint as to Class Members with prejudice. As a part of the Parties' Agreed Motion for Final Approval of Class Settlement, the Parties shall include all relevant information and reports regarding notice to the class.

10.3    This Agreement is contingent on the issuance of the Final Order. The Parties agree to take all steps as may be necessary to secure the Court's approval of this Agreement, to the extent not inconsistent with the terms of this Agreement. The Parties further agree that they will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Agreement. The Parties expressly agree that they will not file any objection (other than a request for correction) to the terms of this Agreement and will not assist or encourage any person or entity to file any such objection.

**11.    NAMED PLAINTIFFS' PAYMENTS**

11.1    Each named Plaintiff shall receive a payment as settlement of all their claims asserted in this matter and claims that could have been asserted in this matter in the amounts set forth in Chart 1, below.

**Chart 1. Payments to Named Plaintiffs**

| Last Name | First Name | Payments for alleged Overtime Wages | Total W-2 Payments | Payments for Liquidated Damages | Payments for Compensatory Damages for Alleged Retaliation | Total 1099 Payments | Total Payments |
|---|---|---|---|---|---|---|---|
| Ochoa | Luis | $5,000 | $5,000 | $5,000 | $15,000 | $20,000 | $25,000 |
| Martinez | Francisco | $5,000 | $5,000 | $5,000 | $15,000 | $20,000 | $25,000 |
| Salgado | Januario | $5,000 | $5,000 | $5,000 | $15,000 | $20,000 | $25,000 |

The payment to each Named Plaintiff for allegedly "Owed Overtime Wages" as indicated in Chart 1, above, shall be treated as settlement of a wage claim, with appropriate withholding of federal, state, and local income taxes, and the Class Members' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments, and Fresh Farms shall issue an IRS form W-2 for such payments. Subject to the distribution indicated in this Section, taxation of payments to Named Plaintiffs shall be processed and paid as specified in Section 14 of this Agreement.

All payments to the Named Plaintiffs shall be made from the Settlement Amount of $275,000.00 and shall be separate from the Class Settlement Fund.

11.2    Within seven (7) days of Final Approval by the Court, Fresh Farms shall cause payments to the named Plaintiffs to be issued to each of the named Plaintiffs, care of Plaintiffs' Counsel, Workers' Law Office, PC at 401 S. LaSalle Street., Suite 1400, Chicago, Illinois 60605, from the Settlement Fund.

11.3    In addition to the payments specified above, the Named Plaintiffs shall receive a *pro rata* share of any Remainder Fund up to an aggregate total of $35,000 as an incentive payment for service to the class, to be apportioned as follows:

- Januario Salgado shall receive an incentive award from any Remainder Fund of up to $15,000 ("Incentive Award");

- Luis Ochoa shall receive an incentive award from any Remainder Fund of up to $10,000 ("Incentive Award");

- Francisco Martinez shall receive an incentive award from any Remainder Fund of up to $10,000 ("Incentive Award").

Each Named Plaintiff shall be entitled to receive the full amount of the incentive award provided that there is at least $35,000 in the Remainder Fund as described and defined in Section 13.4, *infra*. In the event the Remainder Fund contains less than $35,000, each Named Plaintiff shall receive a *pro rata* share of the Remainder Fund calculated as follows:

*(Individual Incentive Award/$35,000) \* Remainder Fund (up to $35,000)*

Within 30 days of the end of the Distribution Period, Fresh Farms shall make all incentive award payments to Named Plaintiffs. Fresh Farms shall issue an IRS Form 1099 for each such incentive payment.

## 12.    ATTORNEYS' FEES AND COSTS

12.1  Fresh Farms shall pay Class Counsel Fifty Thousand and 00/100 Dollars ($50,000.00) to be paid upon the effective date of settlement as for all attorneys' fees expended and that will be expended and for all costs incurred and that will be incurred in seeing this matter through Final Approval, including but not limited to: (i) obtaining Preliminary Approval from the Court; (ii) responding to inquiries from Class Members regarding the Settlement; (iii)

assisting Class Members; (iv) acting as Claims Administrator; (v) assisting in resolving any objections; (vi) defending the Settlement and securing the Final Order, including the conduct of any appellate action. Payment of attorneys' fees and costs pursuant to this section shall be made from the Settlement Amount of $275,000.00 and shall be separate from the Class Settlement Fund.

12.2   Within thirty (30) days of Final Approval by the Court of the attorneys' fees and costs pursuant to this Section, Fresh Farms shall issue a check, payable to Workers' Law Office, PC via certified mail to Workers' Law Office, PC at 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605. Workers' Law Office, PC shall provide Fresh Farms with its Federal Employer Identification Number and Fresh Farms shall issue Workers' Law Office, PC an IRS Form 1099 for the amount of the payment of the attorneys' fees and costs

## 13.   DISTRIBUTION OF THE SETTLEMENT AMOUNT

13.1   Settlement Amount

Fresh Farms' total obligation under this Agreement shall not exceed $275,000.00, exclusive of any obligation Fresh Farms has to pay payroll taxes on its own behalf as required by law and described in Section 14.3 below.

13.2   Time for Distribution to Payees

13.2.1  Distribution of Class Members' Settlement Awards

The Claims Administrator will mail Claim Forms to Class Members in accordance with section 9.1 of this Agreement. To be deemed a Payee, the Class Member must sign the Claim Form without deletion or amendment of the release language, and return the Claim Form to the Claims Administrator postmarked no later than sixty (60) days after the original date of the first mailing of the Claim Form ("Claim Form Deadline"). The Claims Administrator shall have the right to contact any Class Member to request additional information for purposes of determining

the validity of any claim and may respond to requests from Class Members for assistance in completing the Claim Form. Any person who fails to submit a valid and timely Claim Form shall receive no benefit from this settlement. Any completed Claim Form that is returned to the Claims Administrator postmarked more than sixty (60) days after the date of the first mailing of the Claim Form to the Settlement Class Member shall be conclusively deemed untimely and invalid.

### 13.2.2  Distribution of Class Member Settlement Awards

Fresh Farms shall mail checks in the amount of each Payee's *pro rata* share of the Class Settlement Fund within thirty (30) days after the Court grants Final Approval of this Agreement. Payees will have sixty (60) days from the date of issuance to cash their Settlement Award checks. Sixty (60) days after sending the Settlement Award checks, a stop payment order will be issued. When the last stop payment order has been issued, any unclaimed funds in the Settlement Account, less any bank charges imposed for the stop payment orders, will be redistributed as provided for in Paragraph 13.2.6.

13.2.3  Promptly following the mailing of the settlement payments, Fresh Farms' Counsel shall provide Class Counsel with (i) copies of all checks mailed to the Class Members, (ii) the date(s) of such mailing, and (iii) a ledger listing the certified mail tracking numbers associated with this mailing.

13.2.4  Fresh Farms shall mail Named Plaintiff Payments via certified mail to Plaintiffs' Counsel for hand-delivery distribution as described in Section 11.

13.2.5  Any settlement check returned to Fresh Farms and not otherwise claimed by a Payee within sixty (60) days of the mailing date in Section 13.2.2 shall be voided, and amounts payable pursuant to such check shall become part of the Remainder Amount and shall

be distributed in accordance with Section 13.4. Promptly following the date that is sixty (60) days after the mailing date of the checks in Section 13.2.2, Fresh Farms' Counsel shall provide Class Counsel with a list identifying by check number any check returned to the Claims Administrator as undeliverable or unclaimed.

13.2.6 For any Class Members whose checks are returned as undeliverable, no further settlement payments will be sent to that Class Member, unless a corrected address is provided by Class Counsel prior to thirty (30) days before the close of the Distribution Period.

13.3    Claims Administrator

13.3.1  Class Counsel shall act as Claims Administrator in this matter. The Claims Administrator will distribute the Notice of Class Action and any additional notice as provided by this Agreement, field inquiries from Class Members, and handle other issues related to the administration of the Settlement in accordance with the terms of this Agreement, in concert with Fresh Farms' Counsel. Fresh Farms shall cooperate with the Claims Administrator in any way necessary to effectuate this Agreement and shall bear the cost of any of its own labor or any incidental costs in effectuating this Agreement. In addition, Fresh Farms shall bear the cost of any of its own labor or any incidental costs necessary to process and distribute all payments due to the named Plaintiffs and Class Members pursuant to the terms of this Agreement.

13.4    Remainder Amounts

Thirty (30) calendar days after the closure of the Distribution Period described above, the first $35,000 of any Remainder Amount shall be used to pay an incentive award to each of the Named Plaintiffs for their service to the class as described in Section 11.3 of this Agreement.

Any Remainder Amount above $35,000 shall be donated to the Agency as defined in Section 1.1, above.

## 14.   TAXATION

14.1   Fifty percent (50%) of each payment made to each Class Member shall be treated as settlement of a wage claim, with appropriate withholding of federal, state, and local income taxes, and the Class Members' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments, and Fresh Farms shall issue an IRS form W-2 for such payments. Fresh Farms will be responsible for paying from its own funds Federal Unemployment Tax Act and the employer's share of FICA taxes on all applicable amounts paid to Class Members. The remaining 50% of each payment made to a Class Member shall be treated as settlement of the Class Member's claim for liquidated and/or penalty damages pursuant to the FLSA and/or the state statutes providing for liquidated and/or penalty damages and shall be made without withholdings and Fresh Farms shall issue an IRS form 1099 for such payments.

14.2   Payments to Named Plaintiffs shall be apportioned as specified in Sections 11.1 and 11.3 of this Agreement.

14.3   For all payments to each named Plaintiff and to Class Members, IRS Form W-2s and IRS Form 1099s will be distributed at times and in the manner required by the Internal Revenue Code of 1986 (the "Code") and consistent with this Agreement.

14.4   If the Code, the regulations promulgated thereunder, or other applicable tax law change after the date of this Agreement, the processes set forth in this section may be modified with the approval of the Court in a manner to bring Fresh Farms into compliance with any such changes.

14.5   With respect to the Named Plaintiffs Payments, the recipients represent that they understand that it is their obligation to pay appropriate federal, state, and local income taxes, interest, penalties, or other amounts due on such payments.

## 15.   LIMITATIONS ON THE USE OF THIS SETTLEMENT

15.1   Fresh Farms denies that it engaged in any illegal or improper conduct. This Stipulation of Settlement, including all exhibits and related documents, does not constitute, is not intended to constitute, and will not be deemed to constitute an admission by Fresh Farms as to the merits of any of the allegations or claims made in the Litigation. Rather, Fresh Farms denies all of the allegations in the Litigation and denies any and all liability of any kind to anyone with respect to the alleged facts and causes of action asserted in the Litigation.

15.2   Nothing in this Settlement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Settlement, is intended to be introduced, used or deemed admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Settlement may be used in any proceeding that has its purpose the interpretation, implementation, or enforcement of the Settlement, or any orders, rulings or judgments of the Court entered in connection therewith.

15.3   If this Stipulation of Settlement shall not enter force, because the Court does not issue the Final Order, or the Final Order is reversed or substantially modified, or for any other reason, then this Agreement shall be considered null and void. In that event, neither this Stipulation of Settlement nor any of the related negotiations or proceedings shall be of any force

or effect, and all Parties shall stand in the same position, without prejudice, as if the Settlement had been neither executed nor filed with the Court, and neither the Settlement Class nor Class Counsel shall receive any benefit, nor suffer any detriment, as a result.

15.4 Invalidation of any material portion of this Stipulation of Settlement shall invalidate this Stipulation of Settlement in its entirety unless the Parties shall agree in writing that the remaining provisions shall remain in full force and effect.

## 16. MISCELLANEOUS PROVISIONS

16.1 Stay of Litigation

Consistent with this Agreement between Named Plaintiffs and Fresh Farms, the Parties agree to the stay of all discovery in the Litigation, pending the issuance of the Final Order.

16.2 No Interference

Neither Fresh Farms and Fresh Farms' Counsel, nor the Named Plaintiffs and Class Counsel shall take any action of any kind to interfere with any Class Member's decision whether or not to participate in this Settlement..

16.3 No Retaliation

Fresh Farms shall not retaliate against the Named Plaintiffs, all persons claiming under the settlement and all persons contacting Class Counsel.

16.4 Non-Disparagement

Named Plaintiffs agree that they will refrain from all conduct, verbal or otherwise, which disparages or damages, or reasonably could disparage or damage, the reputation, goodwill, or standing in the community of Fresh Farms or any of the other Released Parties. In the event a reference is requested from Fresh Farms for any named Plaintiff by a third party, Fresh Farms

shall provide a neutral reference stating only the fact that such individual worked for Fresh Farms and dates and locations such individual worked for fresh Farms.

### 16.5  Successors and Assigns

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their successors and assigns and applies to the sale or other transfer of the business and ownership of Fresh Farms, including the sale of assets, in whole or in part, and regardless of whether the sale involves the continuation of a substantial number of the workers of Fresh Farms to operate such sold or transferred business or assets.

### 16.6  Interpretation of the Agreement

The Agreement will be interpreted and enforced under the laws of the State of Illinois, without regard to its conflict of laws provisions, except where federal law applies. Any claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the U.S. District Court for the Northern District of Illinois.

### 16.7  Final Agreement

The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between Plaintiffs and Fresh Farms with respect to the resolution of the Litigation. The Named Plaintiffs, on their own behalf and on behalf of the class they represent, and Fresh Farms accept entry of this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement. The Agreement may be modified only by a writing signed by the Parties and approved by the Court.

Named Plaintiffs and Fresh Farms recognize that during the process of implementing the terms of this Agreement, issues not contemplated by the parties may arise. In that event, Named Plaintiffs and Fresh Farms agree to exercise good faith in attempting to resolve such issues.

16.8    Counterparts

This Agreement may be executed in one or more actual or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

16.9    Authority

Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the party for whom or which that individual signs. The failure of any one party to sign this Agreement will not affect the enforceability of this Agreement.

**For Plaintiffs:**                                    **For Fresh Farms:**


_____           _____
CHRISTOPHER J. WILLIAMS                      Stephen B. Horwitz
Workers' Law Office, PC                          Sugarman & Horwitz, LLP
401 S. LaSalle St, Suite 1400                   221 North LaSalle St., Suite 626
Chicago, Il 60605                                    Chicago, Illinois 60601
(312) 795-9121                                       (312) 629-2920

Attorney for Plaintiffs                             Attorney for Fresh Farms

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**
<u>**Ochoa, et al. v. Fresh Farms International Market, Inc.,**</u> **Case No. 11 C 2229**

**CLAIM AND RELEASE FORM**

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):
_____

<<NAME>>
<<ADDRESS>>                          _____
<<CITY>>,<<ST>><<ZIP>>               _____

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___          ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Area Code    Daytime Telephone Number                   Area Code    Evening Telephone Number

**YOU MUST COMPLETE THIS FORM
IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY
INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED
YOU MUST <u>SIGN</u> AND <u>MAIL</u> THE CLAIM FORM IN THE SELF ADDRESSED POSTAGE PRE-PAID ENVELOPE
INCLUDED, OR MAIL IT TO THE ADDRESS BELOW NO LATER THAN [INSERT DATE]:**

I. INSTRUCTIONS:
1.  You must <u>sign</u> and <u>mail</u> this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before the date above, or it will be rejected.

2.  If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

II. WAIVER AND RELEASE:
My signature constitutes a full and complete release by me on behalf of myself and my heirs, legatees, personal representatives and assigns, of Fresh Farms International Market Inc., Dean Svigos, Mike Svigos, Wheeling Grand, LLC and its parents, divisions, subsidiaries, partnerships, affiliates, entities under common or joint control of any one or more of the foregoing and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, for all claims for unpaid overtime wages, that were alleged in the lawsuit entitled *Ochoa, et al. v. Fresh Farms International Market, Inc., Case No. 11 C 2229.*

X X X — X X — ___ ___ ___ ___          _____
Employee I.D. used at Fresh Farms or Social Security Number          Former Names (if any)

III.   <u>CLAIMANT SIGNATURE</u>:

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct and that I understand and agree to be bound by the terms of the above waiver and release.

x_____          Date Signed: _____
(Sign your name here)

---

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

## EXHIBIT B [Abridged Notice]

## NOTICE OF CLASS ACTION SETTLEMENT

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | ***Ochoa, et al. v. Fresh Farms International Market, Inc.*** |
| **NORTHERN DISTRICT OF ILLINOIS** | **c/o WORKERS' LAW OFFICE, PC** |
| **EASTERN DIVISION** | **401 S. LASALLE STREET, SUITE 1400** |
| **Case No. 11 C 2229** | **CHICAGO, ILLINOIS 60605** |

**WHY YOU ARE RECEIVING THIS NOTICE**

Records reflect that you were employed by Fresh Farms International Market, Inc. between April 1, 2008 through April 1, 2011, and that you may not have been paid for all overtime pay that Plaintiffs allege in this lawsuit you and other class members earned. Accordingly, you are eligible to participate in the Settlement of this lawsuit by completing the attached Claim Form and timely mailing it to the Class Counsel.

**To receive your share of the Settlement Fund, you <u>must</u> mail the attached Claim and Release Form not later than Month DD, 2012. The Claim and Release must be signed and returned, without alteration or amendment.**

PLEASE NOTE: This is only a summary of the settlement terms. A Complete Notice is available that provides the details of this lawsuit and settlement. To obtain a copy of the Complete Notice, contact Class Counsel, Workers' Law Office, at 401 S. LaSalle Street, Suite 1400, Chicago IL 60605 – (312) 795-9118.

***Una copia del Arreglo Completo y la Notificación está disponible en Español por llamar 312-795-9118.***

**You may also exclude yourself from the Settlement or object to the terms of the Settlement.** Information on excluding yourself from the Settlement or objecting to the terms of the Settlement and directions on how to do so are provided in the Complete Notice. PLEASE REVIEW THE COMPLETE NOTICE PRIOR TO EXCLUDING YOURSELF FROM THE SETTLEMENT OR OBJECTING TO THE TERMS OF THE SETTLEMENT.

**FILE THE ATTACHED CLAIM FORM WITH A POSTMARK NO LATER THAN MONTH DD, 2012.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**[Insert Exhibit A Claim Form Here For Self-Addressed, Postage Paid Mailer To Class Members]**

<u>EXHIBIT C</u>

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUIS OCHOA, FRANCISCO MARTINEZ AND ) | |
| JANUARIO SALGADO, on behalf of themselves ) | |
| and all other persons similarly situated, known and ) | |
| unknown, ) | |
| Plaintiffs, ) | |
| ) | Case No. 11 C 2229 |
| v. ) | |
| ) | Judge Hibbler |
| FRESH FARMS INTERNATIONAL MARKET, ) | |
| INC., DEAN SVIGOS, individually, and MIKE ) | |
| SVIGOS, individually, ) | |
| ) | |
| Defendants. ) | |

**<u>NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT
AND FAIRNESS HEARING</u>**

**TO:** **All current and former employees of Fresh Farms International Market, Inc., who worked for Defendant in Illinois and did not receive overtime wages for all time worked in excess of forty (40) hours in individual work weeks between April 1, 2008 through April 1, 2011.**

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You are a Class Member, it Contains Important Information as to Your Rights.**

**What is this Notice about?**

This Notice is to tell you about the Settlement of a "class action" lawsuit that was filed against Fresh Farms International Market, Inc., ("Fresh Farms" or "Defendant") and to tell you about a "Fairness Hearing" before the Honorable District Court Judge William J. Hibbler on _____ at _____ __.m. in Courtroom 1225 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Stipulation of Settlement (the "Settlement") fairly resolves the claims against Defendant Fresh Farms as explained below.

**What is the Litigation about?**

On April 1, 2011, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois. The case is currently titled *Luis Ochoa, Francisco Martinez and Januario Salgado, on behalf of themselves and other similarly situated persons v. Fresh Farms International Market, Inc., Dean Svigos, individually, and Mike Svigos,* individually, Case No. 11 C 2229.

Plaintiffs allege that they and similarly situated employees of Fresh Farms were not compensated for overtime hours worked at the required overtime wage rate. Count I of the Complaint alleges a violation of the Fair Labor Standards Act ("FLSA") on an individual basis based on allegations of Fresh farms' violation of the FLSA statutory overtime provision. Count II alleges a class-wide violation of the Illinois Minimum Wage Law

("IMWL") overtime provision based on allegations of Fresh farms' violation of the IMWL statutory overtime provision.

**Why did I get this Notice?**

You received this Notice because the lawyers for the Plaintiffs and Defendant identified you as a person in the Overtime Pay Class, defined as:

All persons employed by Fresh Farms from April 1, 2008 through April 1, 2011 in an hourly position but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible to compensation as described below.

**What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiffs' claims in the Litigation and is not to be construed as an admission of liability on the part of Defendant. The Court has granted preliminary approval of the Settlement, and the Named Plaintiffs and Fresh Farms (collectively, "the Parties") are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive money for claimed overtime wages. Plaintiffs believe that the claims asserted in the Litigation have merit. Defendant does not believe that the claims asserted in the Litigation have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendant in this Litigation.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Litigation. Unless there is a settlement, that Litigation will continue. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Parties believe that the Settlement is the best way to resolve the Litigation while minimizing further expenditures.

The Parties and their attorneys believe that the Settlement is fair, reasonable and adequate, and in the best interests of all Parties, including the Settlement Class.

**What are the terms of the Settlement?**

Fresh Farms has agreed to pay a Settlement Amount of $275,000.00 to resolve all claims in this Lawsuit as described in the Stipulation of Settlement. This amount includes the following payments: $150,000.00 in settlement of all potential claims of Class Members (the "Class Settlement Fund"); $75,000.00 for payments to the Named Plaintiffs; and $50,000.00 as payment of past and future attorneys' fees and reasonable costs to Class Counsel.

All of the terms of the Stipulation of Settlement of this matter may be received by contacting the Clerk of the Circuit Court as described below.

**What am I entitled to recover under the Settlement?**

You, as a putative class member, are entitled to receive a *pro rata* share of the Class Settlement Fund based on the overtime pay which Plaintiffs allege you earned during your employment with Fresh Farms and for

which you were not compensated for the Overtime Pay Class Period defined above ("Individual Settlement Amount"). The calculation will be as follows:

*(Individual Settlement Amount/Total Settlement Amounts) \* Class Settlement Fund*

**How do I receive a Settlement Award?**

To receive a part of the Class Settlement Fund, you must complete and sign the Claim Form without alteration or amendment and return it to the Class Counsel no later than 60 days of the original postmark date of the Claim Form. *If you do not timely complete and return a Claim Form, you will not receive a Monetary Settlement Award.*

**Am I required to participate in the Settlement?**

No, you may "opt-out" of the Settlement if you comply with the opt-out procedure stated below. To opt-out, you must file with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, 20th Floor, Chicago, IL 60604, a written statement expressing your desire to be excluded from the Settlement in *Ochoa, et al. v. Fresh Farms International Market, Inc.* no later than 60 days of the original postmark of this Notice.

You must mail copies of the "opt-out" statement to Class Counsel <u>and</u> to Defendant's Counsel at the addresses listed below. **The "opt-out" statement must be postmarked no later than 60 days of the original postmark of this Notice to be effective.** The statement must include your name, current address and current telephone number. Persons who elect to opt-out of the Settlement will not be entitled to receive any of the Settlement proceeds in this Litigation. **If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the Litigation is fair, reasonable and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement but who objects to the proposed Settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable and adequate, or why a final judgment should or should not be entered dismissing the Litigation with prejudice. No attorneys' fees will be paid by Defendant to an objector's counsel for any work related to an objection to this Settlement. No person will be heard or entitled to object, and no papers or briefs submitted by any such Class Member will be received or considered by the Court unless, on or before _____, the Class Member files with the Court and serves upon Class Counsel and Defendant's Counsel written notice of intention to appear at the Fairness Hearing together with copies of all papers and briefs proposed to be submitted to the Court at the Fairness Hearing. Any documents filed with the Court must be mailed to Class Counsel and Defendant's Counsel listed below:

**When is the Court hearing to determine if the Settlement is fair?**

The Fairness Hearing will be held before the Honorable Judge William J. Hibbler on _____ at _____ _.m. in Courtroom 1225 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely opt-out request as described above.

| Class Counsel | Fresh Farms' Counsel |
|---|---|
| Christopher J. Williams<br>Workers' Law Office<br>401 S. LaSalle St, Suite 1400<br>Chicago, IL 60605 | Stephen B. Horwitz<br>Sugarman & Horwitz, LLP<br>221 North LaSalle St., Suite 626<br>Chicago, Illinois 60601 |

**What rights am I giving up if I participate in the Settlement?**

Persons who do not opt out of the Settlement will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives and assigns, Fresh Farms International Market, Inc. and its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, for all claims for unpaid overtime wages that were asserted in the lawsuit entitled *Ochoa et al. v. Fresh Farms International Market, Inc.*, Case No. 11 C 2229.

**How are the lawyers for the Settlement Class Paid?**

Subject to Court approval, Class Counsel will receive $50,000.00 of the Settlement Amount, for all past and future attorneys' fees and reasonable costs incurred or that will be incurred in this Litigation as set forth in the Stipulation of Settlement. Fresh Farms International Market, Inc. will make this payment in addition to the maximum total Class Settlement Fund of $ 150,000.00 and such payment will not affect the amount of money available for claims from Class Members.

**Can I review a copy of the Settlement or other papers that were filed with the Court?**

Yes, for a detailed statement of the matters involved in the Litigation and the proposed Settlement, you may review the pleadings and other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the United States District Court, 219 S. Dearborn St., Chicago, Illinois, 60604, during regular business hours of each court day. All inquiries by Class Members about the Settlement should be directed to Class Counsel.

PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT

Dated: _____     BY ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

*Note: YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUIS OCHOA, FRANCISCO MARTINEZ AND JANUARIO SALGADO, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 11 C 2229 |
| v. | ) | |
| | ) | Judge Hibbler |
| FRESH FARMS INTERNATIONAL MARKET, INC., DEAN SVIGOS, individually, and MIKE SVIGOS, individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT AND APPROVING CLASS CERTIFICATION, FORM AND MANNER OF CLASS NOTICE AND SETTING A HEARING FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiffs and Defendant Fresh Farms International Market, Inc. ("Fresh Farms") (collectively, the "Parties") having reached a settlement in this matter on a class-wide basis, the Court having reviewed the Stipulation of Settlement ("Settlement Agreement") and the record in this Litigation, including the Parties' Joint Motion for Preliminary Approval of the Parties' Stipulation of Settlement and for Approval of Class Certification, Form and Manner of Class Notice and Scheduling Hearing for Final Approval of Settlement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable and adequate.  The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.      The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Settlement Class, as defined below.

3.      The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met.  The case is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(b)(3).  The Court hereby certifies the following class:

> All persons employed by Fresh Farms from April 1, 2008 through April 1, 2011 in an hourly position but who were allegedly not paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

4.      The Court appoints Plaintiffs Luis Ochoa, Francisco Martinez and Januario Salgado as Class Representatives and Christopher J. Williams as Class Counsel.  The Court finds that the Class Representatives and Class Counsel have provided adequate representation to the Settlement Classes.

5.      The Court further approves of the Parties' proposed Notice of Class Action, unabridged and abridged, Proposed Settlement and Hearing and the manner in which notices will be given as provided in the Settlement Agreement.

6.      The deadline for Class Members to opt out of this Class Action or to file objections and/or comments to the Settlement Agreement shall be sixty (60) days after the First Mailing (as defined in Section 9.1.1.1 of the Settlement Agreement) (hereinafter, the "Filing Deadline").

7.      Within fourteen (14) days of the Filing Deadline, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

8.     Pending final approval of the Settlement Agreement, the prosecution and defense of the case is hereby stayed; the Class Representatives, all members of the Settlement Classes, and each of them, and anyone who acts or purports to act on their behalf, shall not threaten, institute, commence or prosecute any action that seeks to assert claims against any Released Party related to the subject matter of this lawsuit.

9.     The Fairness Hearing is hereby scheduled to be held before the Court on _____, _____2 at _____ ___.m.

10.     The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representatives, the Settlement Classes and the Released Parties for the purposes of:  (1) supervising the implementation, enforcement, construction, and interpretation of this Order and the Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) hearing and determining any application by Class Counsel for an award of attorneys' fees and costs; (3) supervising the distribution of the Settlement Fund; and (4) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

It is so ordered.

DATE: _____     _____

Hon. William J. Hibbler
United States District Judge
Northern District of Illinois

**EXHIBIT E**

**NAMED PLAINTIFF'S GENERAL RELEASE**

_____, and his/her heirs, executors, administrators, successors, and assigns ("Named Plaintiff") and Fresh Farms International Market, Inc. ("Fresh Farms"), its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, and in connection with and as part of the settlement of the matter entitled *Luis Ochoa, Francisco Martinez and Januario Salgado on behalf of themselves and all other persons similarly situated, known and unknown, v. Fresh Farms International Market, Inc.*, Case No. 11 C 2229, pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agree that:

1.      Consideration.  In consideration for signing this General Release, and complying with its terms, Fresh Farms agrees to pay to Named Plaintiff the sum of $25,000.00, payable as follows:

> a)  A payment of $5,000, less payroll taxes, as compensation for all disputed wage claims. Defendants shall issue an IRS form W-2 for this payment.

> b)  A payment of $5,000 as compensation for alleged liquidated damages for all wage violations. Defendants shall issue an IRS form 1099 for this payment.

> c)  A payment of $15,000 in exchange for release of any disputed retaliation claims. Defendants shall issue an IRS form 1099 for this payment.

2.      No Consideration Absent Execution of this General Release.  Named Plaintiff understands and agrees that Named Plaintiff would not receive the monies and/or benefits specified in paragraph 1 above, except for Named Plaintiff's execution of this General Release and the fulfillment of the promises contained herein.

3.      Revocation.   This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved.

4.      General Release of All Claims.  Named Plaintiff, on behalf of himself/herself and his/her heirs, legatees, personal representatives and assigns, hereby releases and discharges the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which Named Plaintiff has, has had or may have arising from his/her employment with Fresh Farms, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting discriminatory termination, harassment or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.,* the IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.,* the Employee Retirement Income

Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq*., the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq*., the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq*., and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq*.; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement.

5.      <u>Acknowledgments and Affirmations</u>.    Named Plaintiff affirms that Named Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Fresh Farms except the Class Action.

6.      <u>Governing Law and Interpretation</u>.  This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision.  In the event of a breach of any provision of this General Release, either party may institute an action specifically to enforce any term or terms of this General Release and/or seek any damages for breach.  Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this General Release in full force and effect.

7.      <u>Nonadmission of Wrongdoing</u>.  The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.      <u>Amendment</u>.  This General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this General Release.

**NAMED PLAINTIFF IS ADVISED THAT NAMED PLAINTIFF HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS GENERAL RELEASE.  NAMED PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO NAMED PLAINTIFF'S SIGNING OF THIS GENERAL RELEASE.**

**NAMED PLAINTIFF MAY REVOKE THIS GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE.  ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO STEPHEN B. HORWITZ AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO STEPHEN B. HORWITZ OR HIS DESIGNEE, OR MAILED TO STEPHEN B. HORWITZ AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE.**

**NAMED PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**NAMED PLAINTIFF IS ADVISED THAT NAMED PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS GENERAL RELEASE.**

The Parties knowingly and voluntarily sign this General Release as of the date(s) set forth below:


Fresh Farms International Market, Inc.

_____       By:_____
    Named Plaintiff

                                        Its:_____

Date:_____       Date:_____