IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS OCHOA, FRANCISCO MARTINEZ AND JANUARIO SALGADO, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>          Plaintiffs,<br><br>  v.<br><br>FRESH FARMS INTERNATIONAL MARKET, INC., DEAN SVIGOS, individually, and MIKE SVIGOS, individually,<br><br>          Defendants. | Case No. 11 C 2229<br><br>Judge Dow |

**JOINT MOTION FOR FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT**

       Now come Plaintiffs Luis Ochoa, Francisco Martinez, and Januario Salgado on behalf of themselves and all other Plaintiffs similarly situated, (collectively, "Named Plaintiffs") by their counsel, and Fresh Farms International Market, Inc., Dean Svigos, individually, and Mike Svigos, individually, (collectively, "Defendants") and move this Court for Final Approval of the Parties' Settlement. In support of their Motion, the Parties state as follows:

       1.     On March 29, 2012, this Court granted Preliminary Approval to the Parties' Two Hundred and Seventy-Five Thousand and 00/100 Dollars ($275,000.00) settlement of Plaintiffs' claims on behalf of themselves and a class of other similarly situated employees of Fresh Farms arising under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") overtime provisions based on allegations of Fresh farms' failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

       2.     Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 652

(7th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, courts in the Seventh Circuit consider a variety of factors including:

    a. the strength of plaintiffs' case, weighed against the settlement offer;

    b. the complexity, length, and expense of further litigation;

    c. the presence of collusion between the parties;

    d. the opinion of competent counsel;

    e. the reaction of class members to the proposal; and

    f. the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). As explained in detail in the Parties' supporting memorandum of law, the Parties' Stipulation of Settlement here meets these factors and should be approved.

    WHEREFORE, the Parties respectfully request that the Court enter a Final Order approving the Parties' Stipulation of Settlement.

    Respectfully Submitted,

| | |
|---|---|
| s/Christopher J. Williams | s/Stephen B. Horwitz |
| CHRISTOPHER J. WILLIAMS | Stephen B. Horwitz |
| Workers' Law Office, PC | Sugarman & Horwitz, LLP |
| 401 S. LaSalle Street, Suite 1400 | 221 North LaSalle St., Suite 626 |
| Chicago, Il 60605 | Chicago, Illinois 60601 |
| (312) 795-9121 | (312) 629-2920 |
| | |
| Attorney for Plaintiffs | Attorney for Defendants |
| Dated: June 29, 2012 | Dated: June 29, 2012 |